IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OAKLEY, INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>SHENZHEN TOMTOP TECHNOLOGY CO., LTD.,<br><br>                Defendant. | Case No. 19-cv-07515<br><br>**Judge Ronald A. Guzman**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

## NOTICE OF PLAINTIFF'S POSITION ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Oakley, Inc. ("Oakley[1]" or "Plaintiff") respectfully submits the following notice to inform the Court of its position on Defendant ShenZhen TomTop Technology Co.'s ("Defendant") Motion to Dismiss [33] ("Motion"), which was filed on June 15, 2020.

Oakley reserves its right to fully respond in opposition to Defendant's Motion. Oakley maintains that Defendant was properly served pursuant to this Court's Order [23]. Per the Court's instructions at the January 14, 2020 hearing, Oakley also sent a copy of the Complaint and Summons to Defendant via Federal Express to the address on Defendant's website,[2] but Federal Express was unable to deliver the package and indicated that the address was incorrect. Courts across the country, including in this District, have repeatedly confirmed that

---

[1] Oakley is a subsidiary of Luxottica Group S.p.A.

[2] The website at tomtop.com does not list an address for Defendant, but Oakley accessed the official supplier page for Defendant on the marketplace platform Alibaba.com at the URL https://tomtop.en.alibaba.com/. This page lists the following business address for Defendant that has been verified by Alibaba.com: No. 5G-155-5G-165, 5/F, Phase 2, Hua'nan Int'l Leather Materials And Accessories Logistics Zone, No. 1, Hua'nan Ave., Pinghu Street, Longgang Dist., Shenzhen, Guangdong, China. [18] at ¶ 6.

1

the Hague Convention "does not nullify Rule 4(f)(3)" and that e-mail service is proper on China-based defendants. *Volkswagen Group of America, Inc. v. 5starautoparts2015, et al.*, No. 19-cv-7978 (N.D. Ill. March 31, 2020) (denying motion to dismiss for improper service) (citing *Nagravision SA v. Gotech Int'l. Tech. Ltd.*, 882 F. 3d 494, 498 (5th Cir. 2018) (defendant's argument "misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."); *Gianni Versace, S.P.A. v. Yong Peng, at al.,* No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (same); *Strabala v. Zhang*, 318 F.R.D. 81, 115 n.36 (N.D. Ill. 2016) ("…Volkswagenwerk 'does not hold or even suggest that the Hague Convention must always be complied with before alternative service is ordered,' and that the quoted language from that case is 'dictum.'"); *see also* Memorandum in Support of Plaintiff's Motion for Entry of An Order Directing Service of Process Abroad Pursuant to Fed R. Civ. P. 4(f)(3)[3] [13].

However, instead of expending Oakley's and the Court's resources arguing about whether electronic service was proper and since it appears that the infringing products have been taken down, Oakley will re-serve Defendant via the Hague Convention, as requested by Defendant. If service via the Hague Convention is not completed by the Chinese Central Authority within the required six month period, which is a near certainty,[4] Oakley will

---

[3] Defendant's Motion attempts to treat the outlier decision *Luxottica Group S.p.A. v. Partnerships, et al.,* 391 F. Supp. 3d 816 (N.D. Ill. 2019) as controlling precedent when it is not. The decision in *Luxottica Group S.p.A* is problematic for several reasons, including because the Court retroactively imposed a due diligence requirement that Fed R. Civ. P. 4(f)(3) does not require and treating dictum in cases that do not mention or consider alternative service via e-mail under Fed. R. Civ. P. 4(f)(3) as precedent.

[4] Following the Court's decision in *Luxottica Group S.p.A. v. Partnerships, et al.,* 391 F. Supp. 3d 816 (N.D. Ill. 2019), the plaintiff initiated service, for the second time, through the Hague Convention via the Chinese Central Authority. No response was received from the Chinese Central Authority within six months of initiation of service via the Chinese Central Authority. Since then, the Court in *Luxottica Group S.p.A., et al.* has subsequently permitted electronic service in similar cases without first requiring plaintiffs to attempt futile service through the Hague Convention. *See Spin Master Ltd., et*

petition this Court for an order deeming service of process complete pursuant to Article 15 of the Hague Convention.

Dated this 16th day of June 2020.                    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Jake M. Christensen
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
jchristensen@gbc.law

*Counsel for Plaintiff Oakley, Inc.*

---

*al. v. California Pineapple Toy Store, et al.*, No. 20-cv-00628 (N.D. Ill. Mar. 5, 2020); *Pow! Entertainment, LLC v. The Individuals, et al.*, No. 20-cv-01324 (N.D. Ill. Feb. 28, 2020).

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June 2020, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Jake M. Christensen
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
jchristensen@gbc.law

*Counsel for Plaintiff Oakley, Inc.*